810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald J. BROWN, Sr., Plaintiff-Appellant,
v.
TENNESSEE STATE UNIVERSITY; Frederick S. Humphries,
President; Sterlin N. Adams, President's
Assistant; Ron Dickson; Paul Hurd;
George Sowards; and TSU
Grievance Committee,
Defendants-Appellees.
 No. 85-5978.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1986.
 
 Before KENNEDY and NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The pro se plaintiff appeals from the district court's order dismissing his complaint alleging race and age discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, who is a black male, age 46, was hired by the defendant Tennessee State University, as a computer operator trainee. Plaintiff was terminated from his position after he confronted his supervisor in a threatening and abusive manner in violation of personnel regulations.
 
 
 3
 It is well established that the general criteria for establishing a prima facie case of racial discrimination under Title VII is that the plaintiff should show the following:
 
 
 4
 (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.
 
 
 5
 McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).
 
 
 6
 Once a prima facie case is established the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for rejecting the employee.
 
 
 7
 "The plaintiff retains the burden of persuasion. [H]e may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence."
 
 
 8
 U.S. Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 716 (1983), quoting Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).
 
 
 9
 In this case, although plaintiff was able to establish a prima facie case, his testimony at the district court's hearing that defendants' proffered explanation for terminating his employment was merely a pretext for discriminating against him was not well taken. In Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981), the Court stated:
 
 
 10
 The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. Id., at 253.
 
 In its opinion the district court stated:
 
 11
 There was a discrepancy in the testimony as to precisely what was said and who was the aggressor with respect to the November 5 confrontation in Mr. Hurd's office. On this credibility issue, the Court believes the facts as testified to by Mr. Hurd and rejects the version offered by plaintiff. Mr. Hurd's testimony was corroborated in significant fashion by Gail Brinkley. She corroborated Mr. Hurd in that she heard and saw, through a window, that plaintiff was talking loud, cursing and threatening Mr. Hurd. There were some minor discrepancies between her testimony and Mr. Hurd's, such as the length of the confrontation and who called the police and what occurred when the police got there. However, the fact that the police were called and came and escorted Mr. Brown from the premises is corroborated by Mr. Brown's testimony.
 
 
 12
 Pursuant to Rule 52 of the Federal Rules of Civil Procedure, the findings of fact of a trial court hearing an action without a jury shall not be set aside unless clearly erroneous. Due regard is to be given to the trial court to assess the credibility of the witnesses.
 
 
 13
 For these reasons, it is ORDERED that the district court's judgment be affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.